BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MAIA T. PEREZ (MABN 672328)
Assistant United States Attorney

>150 Almaden Boulevard, Suite 900
>San Jose, California 95113
>Telephone: 408-535-5061
>Fax: 408-535-5066
>maia.perez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-CR-00350 EJD |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| NICHOLAS ANTHONY RODRIQUEZ, aka Nicholas Anthony Rodriguez, | Date: Oct. 24, 2016<br>Time: 1:30pm |
| Defendant. | The Hon. Edward J. Davila |

The United States of America, through Brian J. Stretch, United States Attorney for the Northern District of California, and Maia T. Perez, Assistant United States Attorney, hereby submits the following sentencing memorandum for the Court's consideration.

**I.   Introduction**

On July 25, 2016, defendant Nicholas Anthony Rodriguez[1] ("Defendant") pled guilty to Counts One and Two of the Indictment, which charged him with violations of 21 U.S.C. §§ 846, 841(a)(1) and

---

[1] Defendant is identified in the Indictment and his signed Plea Agreement as "Nicholas Anthony Rodriquez." Defense counsel has now indicated that Defendant objects to this spelling of his surname;

PLEA AGREEMENT
14-CR-00350 EJD

(b)(1)(C) for Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine; and 21 U.S.C. § 841(a)(1) and (b)(1)(C) for Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine.

The United States concurs with the Probation Office's assessment that this conviction presents no unusual circumstances that merit a downward departure from the Guidelines. Accordingly, the United States requests that Defendant be sentenced to 188 months of imprisonment, a term at the low end of the applicable Sentencing Guidelines range. This recommended sentence is sufficient, but not a greater punishment than necessary, to achieve the goals of 18 U.S.C. § 3553(a).

**II.    Background**

The Court is generally familiar with the background of this investigation from prior hearings and filings. To briefly summarize, on June 25, 2014 Defendant and his co-defendant, Corey Shibata, were discovered in Shibata's vehicle with 42.4 grams of pure methamphetamine, $8,853 in cash, and a machete on the backseat next to Defendant. *Presentence Report (PSR)* at ¶¶ 9, 11-12. Law enforcement found an additional 408.8 grams of pure methamphetamine at Shibata's residence. *Id.* at ¶ 27.

Text messages on Defendant's cellular phone showed that he, along with Shibata, negotiated sales of up to pound level quantities of methamphetamine to customers. *Id.* at ¶ 16. Further information from a witness indicated that Defendant may have been traveling to the witness' home (where Defendant was arrested) with the machete in order to collect a drug debt owed to Defendant and another man. *Id.* at ¶ 22. Defendant's cellular phone data shows that he placed several calls to the witness and the other man on that day. *Id.* at 23.

A month later, on July 28, 2014, while out of custody on pretrial release, Defendant was again arrested for possession of illegal substances: specifically, 144.6 grams of a mixture containing methamphetamine and 1.7 grams of cocaine. *Id.* at ¶ 29. Accordingly, for Guideline purposes, Defendant is responsible for 451.2 grams of pure methamphetamine, 144.6 grams of a mixture containing a detectable amount of methamphetamine, and 1.7 grams of cocaine. *Id.* at ¶ 30.

//

//

---

accordingly, Defendant is identified as "Nicholas Anthony Rodriguez" in this Memorandum.

### III.   Sentencing Guidelines

The government agrees with the Probation Office's calculation of the advisory Guideline range in its entirety. The parties stipulated to a base offense level of 32, with a two-point enhancement for possession of a dangerous weapon.[2] The government agrees that Defendant should receive a full 3-level decrease for acceptance of responsibility. As noted in the PSR, Defendant has 21 criminal history points and is Criminal History Category VI, resulting in an advisory Guideline range of 188 to 235 months. There is no mandatory minimum sentence.

### IV.   Sentencing Recommendation

The United States respectfully recommends a sentence of 188 months, in keeping with its promise in the Plea Agreement to recommend a sentence at the low end of the Guideline range. This sentence is sufficient, but not greater than necessary, to fulfill the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Defendant's criminal history weighs in favor of a substantial custodial sentence. This is Defendant's 25th conviction and his ninth felony conviction. Thus far, Defendant has not been deterred by any of the prior custodial sentences he has received, including three separate sentences of two years' imprisonment. Moreover, this is Defendant's eighth drug felony and his third felony drug conviction in five years. Before his arrest in this case in 2014, Defendant was sentenced to two years' imprisonment for possession of a controlled substance for sale in 2009, and then, two years later, he was sentenced to another two years for the same crime in 2011.

In the instant case, Defendant was involved in moving significant amounts of methamphetamine, negotiating the purchase and sale of up to pound-level quantities of meth with his co-defendant, Corey Shibata. There is also evidence suggesting that Defendant might have been traveling to collect a drug debt with a machete in the vehicle at the time of his arrest. Defendant's penchant for recidivism was further demonstrated a month later when, while on pretrial release, he was *again* found in possession of sale quantities of methamphetamine, as well as cocaine.

---

[2] This calculation is based in part on the gross "mixture or substance" weight of the methamphetamine from Defendant's July 28 arrest, as the plea was negotiated prior to the receipt of detailed analysis results from the DEA lab for that quantity.

UNITED STATES' SENTENCING MEMORANDUM
14-CR-00350 EJD

Though Defendant declined to furnish details of his criminal conduct and other aspects of his life to Probation, he did agree to accept responsibility for his actions and pled guilty to both counts of the Indictment, saving the government time and resources. On balance, the government believes that a sentence of 188 months' imprisonment is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

### V.  Conclusion

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a Guidelines sentence of 188 months' imprisonment. For all the foregoing reasons, the United States believes that a low end sentence is reasonable in light of the sentencing factors and the circumstances of this offense.

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

Dated: October 17, 2016

/s/
MAIA T. PEREZ
Assistant United States Attorney