JERRY Y. FONG, ESQ. (SBN 99673)
THE LAW OFFICE OF JERRY FONG
885 N. SAN ANTONIO ROAD, SUITE D
LOS ALTOS, CA 94022
650/559-1985
650/322-6779 fax
jf@jerryfong.com

Attorney for Defendant NICHOLAS RODRIQUEZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 14-00350 EJD |
| Plaintiff, ) | DEFENDANT NICHOLAS RODRIGUEZ'S SENTENCING MEMORANDUM. |
| vs. ) | |
| COREY H. SHIBATA, NICHOLAS RODRIQUEZ, ) | Date: February 15, 2017<br>Time: 1:30 p.m.<br>Judge: Hon. Edward J. Davila |
| Defendants. ) | |

Defendant Nicholas Rodriguez hereby submits his Sentencing Memorandum:

1. Mr. Rodriguez agrees that the guideline calculations are accurate, at Offense Level 31 and a Criminal History Category VI, yielding a guideline range of 188 months to 235 months.

2. Pursuant to the plea agreement, Mr. Rodriguez is prohibited from seeking a downward departure or variance from the applicable guideline. Therefore, he will limit his request to seeking a sentence in the low end of the guideline range (188 months), consistent with the Government's recommendation and the PSR's recommendation.

3. Mr. Rodriguez respectfully requests that the Court make a recommendation to BOP that it gives due consideration to placing Mr. Rodriguez to a BOP facility as close to the Bay Area as possible, so that he can maintain some degree of normal visitation and

1 | contact with his family and friends.

2 |     4.    Most importantly, Mr. Rodriguez respectfully requests that the Court strike the allegations contained in Paragraph 31 of the PSR, particularly the reference to the allegation that Mr. Rodriguez was connected to a much larger methamphetamine distribution network, ***which "was determined to be a Mexican cartel".***

        What is very troubling about this "allegation" is that the Probation Office admitted that, after Mr. Rodriguez had specifically challenged this accusation as being unsupported by *any evidence* whatsoever, the Probation Office determined that this allegation made by the case agent represented only the case agent's *opinion* and that agent has not provided any evidence that the defendant has ties to a Mexican cartel. See, ¶ 4 of Addendum to PSR.

        The Probation Office refused to remove that unsupported allegation by claiming that (1) the Court may consider, without limitation, any information concerning the defendant unless prohibited by law, and (2) for any important factor in dispute, the parties shall be giving the opportunity to present information to the Court regarding that factor. *Id.*

        Those two stated "justification" (or, more accurately, the Probation Office's "interpretation" of the to statements of justification) are simply not authorized by law and unfairly prejudice Mr. Rodriguez.

        First, while the Court is, of course, authorized to consider any *information* concerning a defendant's background, that is simply not a license to place in the PSR (which will significantly influence the BOP's determination of what kind of facility Mr. Rodriguez should be sent, to serve his long sentence) any and all ***unsupported*** opinion from the case agent. The PSR and the sentencing process should be based on "facts", not unsupported opinions. *See,* US v. Kilby, 443 F.3d 1135, 1140 (9th Cir. 2006)("As a general rule, the preponderance of the *evidence* standard is the appropriate standard for factual findings used for sentencing." (Italics and bold added)).

        While this particular dispute does not affect the ultimate amount of time which Mr. Rodriguez will serve, it is a very important factor affecting his BOP designation and

1 placement.

2 Secondly, as the PSR's own citation to USSG §6A1.3 (a) shows, when a sentencing factor is in dispute, the contending party has the burden of going forward with proffering evidence or facts (admissible or not) to support that contention (and ***not unsupported opinions***). That was not done in this case. *See,* USSG §6A1.3, Commentary, requiring that " [a]ny information may be considered, ***so long as it has sufficient indicia of reliability to support its probable accuracy.***" (Italics and bold added).

Of course, Mr. Rodriguez cannot prove a negative (that his offense did not involve a Mexican cartel) beyond his denial, especially when the case agent has not provided any factual bases to support his "opinion" so that Mr. Rodriguez can properly contest the alleged evidentiary bases. At the very least, due process requires that Mr. Rodriguez be given such notice and ability to meaningfully contest such allegations.

Therefore, that allegation (¶ 31 of the PSR) should not remain "unresolved". It should be stricken so that Mr. Rodriguez will not be burdened by an unsupported allegation which could significantly impact his placement or designation within the BOP system. It is not unreasonable to expect that the BOP would place a defendant into a much higher and harsher security level facility (with far less freedom, privileges, or programs) for a drug "cartel" affiliate or member, not to mention possible danger of being attack by other cartel members. Mr. Rodriguez does not deserve such a burden, risk, or prejudice. He respectfully requests that the Court strike the allegation in ¶ 31 of the PSR.

DATED:   February 13, 2017                Respectfully submitted,


                                          /S/
                                          JERRY Y. FONG, Attorney for
                                          Defendant NICHOLAS RODRIQUEZ